IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEWART P. NEWELL, | * | |
| Plaintiff, | * | |
| v. | | CASE NO: 1:07-cv-02129 (RCL) |
| | * | |
| METROPOLIS DEVELOPMENT COMPANY, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

Stewart P. Newell, by and through his attorneys, James A. Sulivan, Jr., Richard A. DeTar, and Miles & Stockbridge P.C., pursuant to LCvR 7(b), hereby files his Memorandum of Points and Authorities in Opposition to Metropolis Development Company, LLC's and Robert Scott Pannick's Motion for an Enlargement of Time as follows:

### A.     The Global Picture

1.     The undersigned counsel's initial response to Defendants' counsel's request for an extension of time was to explain that in the normal course such an extension is routinely granted, but that any delay in the prosecution of this case could be fatal to Plaintiff's interests. In fact, Plaintiff's counsel explained that serious consideration was given to the filing of a motion for a temporary restraining order ("TRO") along with the Complaint. Plaintiff ultimately concluded that it would be in a better position to decide whether to seek a TRO after evaluating Defendants' Answer to the Complaint which necessarily will shed considerable light on Plaintiff's insecurities.

2.     Second, in their Motion for an Enlargement of Time, Defendants materially misstate the communication between counsel.  Plaintiff's counsel explained that he was apprehensive about extending any deadlines because he had already been working with prior counsel for the Defendants since May 2007, and there are now rumors that Defendants are experiencing serious financial difficulties and may be attempting to refinance certain real property that is the sole security for repayment to Plaintiff (as designated in the Redemption Agreement).  See Complaint, Exhibit 1.  If Defendants are given more time to drain the remaining equity in the sole security designated for repayment to Plaintiff the Court will be powerless to award the relief requested in Plaintiff's Complaint.

3.     In its Motion, Defendants' counsel represented to the Court that "*any such delay in responding would not prejudice the Plaintiff*".  (Defendants Motion at paragraph 7).  That is not the case.  In fact, fundamentally that is all that the Plaintiff requested of Defendants - no prejudice occur during the extension period.

## B.     Defendants' Misstatements

4.     Defendants' counsel has misstated to the Court that Plaintiff demanded "*extensive discovery*".  This is not so.

5.     Defendants' counsel has also misstated that "*Defendants are not able to provide such discovery*".  (Defendants' Motion at paragraph 7).   This too is not so.

6.     In exchange for an extension Plaintiff's counsel asked for the current amounts of the liens on two specific condominiums located in Washington, D.C. owned and controlled by Defendants (i.e., Plaintiff's sole security).

7.     It would have been a simple matter for Defendants to report encumbrances (i.e., refinancings) on these two units to assure that no prejudice has occurred.  Defendants are in

possession of this discrete information or, alternatively, Defendants could quickly obtain this information from BB&T, the lender with whom Defendants have financing.

8. The information sought by Plaintiff, involving perhaps one telephone call to one lender about these two properties is not "extensive discovery", nor difficult, expensive or time consuming to provide.

9. Throughout November 2007, Plaintiff tried to meet with Defendants to discuss encumbrances on these properties and his overdue payments. Defendants have repeatedly stalled and delayed Plaintiff.

10. Defendants' unwillingness to provide the requested information and requests for more time have only exacerbated Plaintiff's concern that Defendants are in the process of dissipating the collateral.

### C. Plaintiff's Solution

11. In the event that Defendants do not promptly file a reply indicating that they have reached an agreement for an extension of time with Plaintiff, Plaintiff requests that this Court promptly enter an order requiring Defendants to file a responsive pleading to the Complaint within three (3) business days of the date of filing of the Court's Order.

WHEREFORE, Plaintiff, Stewart P. Newell, respectfully requests that Defendants' Motion for Enlargement of Time be denied and that Defendants be ordered to file responsive pleadings to the Complaint within three (3) business days of entry of an Order of Court.

Respectfully submitted,

/s/ James A. Sullivan, Jr.

_____
James A. Sullivan, Jr.
(D.C. Bar No. 475145)
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Telephone (301) 762-1600
Facsimile (301) 762-0363
E-mail: jsullivan@milesstockbridge.com

/s/ Richard A. DeTar

_____
Richard A. DeTar
(*Pro Hac Vice* Admission)
Miles & Stockbridge, P.C.
101 Bay Street
Easton, MD 21601
Telephone (410) 820-0224
Facsmilie (410) 822-5450
E-mail: rdetar@milesstockbridge.com

Attorneys for Plaintiff, Stewart P. Newell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART P. NEWELL, | * |
| Plaintiff, | * |
| v. | CASE NO: 1:07-cv-02129 (RCL) |
| | * |
| METROPOLIS DEVELOPMENT COMPANY, LLC, et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of Defendants' Motion for Enlargement of Time [Dkt.#'s 6 & 7], Plaintiff's Memorandum of Points and Authorities in Opposition thereto and all additional argument thereon, it is this _____ day of December, 2007,

ORDERED that Defendants' Motion for Enlargement of Time is denied, and

IT IS FURTHER ORDERED that Defendants shall file responsive pleadings to the Complaint within three (3) business days after the date of entry of this Order.

SO ORDERED.

_____
ROYCE C. LAMBERTH
United States District Judge

2

cc: James A. Sullivan, Jr.
Miles & Stockbridge P.C.
11 N. Washington Street, Suite 700
Rockville, Maryland 20850

Richard A. DeTar
Miles & Stockbridge, P.C.
101 Bay Street
Easton, MD 21601

Scott H. Rome
Law Offices of Andrew J. Kline
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036

Case 1:07-cv-02129-RCL   Document 8-2   Filed 12/17/2007   Page 2 of 2