UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART P. NEWELL<br><br>**Plaintiff,**<br><br>v.<br><br>**METROPOLIS DEVELOPMENT COMPANY, LLC etl. al.**<br><br>**Defendants.** | Case Number 1:07CV02129<br>Judge: Royce C. Lamberth |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Metropolis Development Company, LLC (hereinafter "Metropolis") and Robert Scott Pannick ("Pannick"), by and through undersigned counsel, hereby answer the Complaint of Plaintiff Stewart P. Newell ("Newell") and in support thereof states as follows:

## FIRST DEFENSE

In response to the numbered paragraphs of the Complaint, the Defendant responds as follows:

1. Admitted.

2. Admitted.

3. Defendants lack sufficient information to form a belief as to the truth or falsity of Plaintiff's address and admit the remaining allegations of this paragraph.

4. This paragraph constitutes a legal conclusion to which no response is required.

5. This paragraph constitutes a legal conclusion to which no response is required.

6. Admitted.

7. Defendants deny the existence of any inducements but admit that Newell served as manager and tax matters partner of the Company.

8. Defendants state that the Redemption Agreement speaks for itself and deny any allegations which differ from same.

9. Defendants state that the Redemption Agreement speaks for itself and deny any allegations which differ from same.

10. Defendants state that the Redemption Agreement speaks for itself and deny any allegations which differ from same.

11. Defendants state that the Redemption Agreement speaks for itself and deny any allegations which differ from same.

12. Defendants state that the Redemption Agreement speaks for itself and deny any allegations which differ from same.

13. Defendants state that the First Amendment to Redemption Agreement speaks for itself and deny for itself and denies any allegations which differ from same. .

14. Defendants state that the Redemption Agreements speak for themselves and denies any allegations which differ from same.

15. Denied.

16. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

17. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

18. Denied.

19. Defendants state that the Redemption Agreements speak for themselves and deny any definition of "Company Projects" which differs from that contained within same.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied, as Defendants deny the implication that all Available Cash was not distributed as required under the Redemption Agreements.

30. Denied.

31. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations as to when Newell hired counsel, and deny that any distribution was the result of a demand or the efforts of such counsel.

32. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

33. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

34. Denied.

35. Denied.

**Count I - Breach of Contract for Damages**

36. Defendants hereby incorporate the responses to the above paragraphs as if fully set forth herein.

37. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

38. Denied.

39. Denied.

40. Denied.

41. Defendants deny the implication that any amounts due and owing were not paid, and therefore deny this paragraph.

42. Defendants deny any breach of the Redemption Agreements.

43. Defendants deny any breach of the Redemption Agreements.

In response to the un-numbered paragraph following paragraph forty-three, Defendants state that Plaintiff is not entitled to any relief whatsoever.

**Count II - Tortious Interference With Contract**

44. Defendants hereby incorporate the responses to the above numbered paragraphs as if fully set forth herein.

45. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

46. Defendants acknowledge that Pannick had knowledge of the Redemption Agreements, and the information contained in such Agreements speaks for itself, and Defendants deny any allegations which differ from same.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

In response to the un-numbered paragraph following paragraph fifty, Defendants state that Plaintiff is not entitled to any relief whatsoever.

### Count III - Declaratory Judgment

51. Defendants hereby incorporate the responses to the above numbered paragraphs as if fully set forth herein

52. Defendants state that the Redemption Agreements speak for themselves and deny any allegations which differ from same.

53. Denied.

In response to the un-numbered paragraphs following paragraph fifty-three, Defendants state that Plaintiff is not entitled to any relief whatsoever.

### SECOND DEFENSE

Defendants deny all allegations not specifically admitted.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by his own breaches, negligence, and wrongful and/or fraudulent conduct.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

**SIXTH DEFENSE**

The Complaint is barred by the doctrine of laches.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the Statue of Frauds.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrines of merger and parol evidence.

**NINTH DEFENSE**

The Complaint is barred by the rule against perpetuities.

Defendants further reserve the right to raise any and all defenses available in law or in fact that may be revealed through discovery or at trial.

                                                  /s/
                          Andrew J. Kline [358547]
                          LAW OFFICES OF ANDREW J. KLINE
                          1225 Nineteenth Street, NW, Suite 320
                          Washington, DC 20036
                          (202) 686-7600
                          Counsel for Defendants

                                                  /s/
                          Scott H. Rome [476677]
                          LAW OFFICES OF ANDREW J. KLINE
                          1225 Nineteenth Street, NW, Suite 320
                          Washington, DC 20036
                          (202) 686-7600
                          Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th Day of December 2007, a true and accurate copy of the foregoing was filed electronically and served by electronic mail upon Counsel for Plaintiff as follows:

> Richard A. DeTar
> Miles & Stockbridge, P.C.
> 101 Bay Street
> Easton, MD 21601
> (410) 820 - 0224
>
> James A. Sullivan, Jr.
> Miles & Stockbridge, P.C.
> 11 North Washington Street, Suite 700
> Rockville, MD 20850

> _____/s/ Scott H. Rome_____
> /s/ Scott H. Rome
> Scott H. Rome, Esq. [D.C. Bar # 476677]
> LAW OFFICES OF ANDREW J. KLINE
> 1225 19 th Street, NW, Suite 320
> Washington, D.C. 20036
> (202) 686-7600
> Attorneys for Plaintiffs