UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
STEWART P. NEWELL,                )
                                  )
       Plaintiff,             )
                                  )
v.                                )
                                  )    Civil Action No. 07-2129 (RCL)
                                  )
METROPOLIS DEVELOPMENT            )
COMPANY, LLC, *et al.*,           )
                                  )
       Defendants.            )
_____)

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND WITHDRAWAL OF MOTION TO COMPEL WITHOUT PREJUDICE**

    Plaintiff, Stewart P. Newell, through his undersigned counsel, pursuant to Fed.R.Civ.P. 37 and LCvR 7(d), hereby replies to Defendants' Opposition to Plaintiff's Motion to Compel as follows:

    1.    Plaintiff initiated the subject Motion to Compel after Defendant Robert Scott Pannick ("Pannick") advised that Defendant Metropolis Development Company, LLC ("Metropolis") was in negotiations to sell the retail condominium unit known as "Lofts 14II - Unit C1" (the "Garden District Unit"). The Garden District Unit is one of only two remaining assets that Defendants pledged to satisfy their indebtedness to Plaintiff, and the unit is subject to the January 3, 2008 Order of this Court [Dkt.#13] that prohibits Defendants from transferring this retail unit "without first providing seven (7) days written notice to Plaintiff's counsel of Defendants' intention to do so." As indicated in Plaintiff's Memorandum in Opposition to Defendants' Motion for Enlargement of Time [Dkt.#8], Plaintiff requires discovery of the

information sought by his Motion to Compel in order to file a motion for a temporary restraining order, if necessary, to prevent the improper disposition of, *inter alia*, the Garden District Unit.[1]

2. Related to the foregoing, Pannick initiated settlement discussions with Plaintiff. During these discussions, Plaintiff's counsel has repeatedly explained that all settlement discussions are parallel to, and separate from, the litigation and do not waive or delay Defendants' timely discovery obligations.

3. When it became apparent to Defendants that Plaintiff intended to file a Motion to Compel, and that Plaintiff would not indefinitely postpone Defendants' discovery obligations as a result of unsuccessful settlement negotiations, Defendants next threatened to file bankruptcy. While Plaintiff worked with Defendants' new bankruptcy counsel, Plaintiff continued to make clear his need for and, insistence of, proper discovery from Defendants.

4. At no time during the conversations between Plaintiff and Pannick concerning the potential sale of the Garden District Unit, the settlement negotiations, or during discussions with Defendants' bankruptcy counsel, was it ever mentioned that Pannick had medical problems or that they were impairing Defendants', especially Metropolis', ability to produce discovery. In fact, until the filing of Plaintiff's Motion, Defendants' counsel never requested an extension of time; they simply advised that discovery would not be forthcoming.

5. Nevertheless, now that Plaintiff has been advised of Pannick's condition, Plaintiff withdraws his Motion to Compel out of empathy for Pannick and because Defendants have belatedly provided some of the discovery, albeit incomplete and with objections, sought by Plaintiff. Defendants' Answers to Interrogatories are, however, deficient. Plaintiff intends to communicate with Defendants' counsel in an effort to resolve disputes that Plaintiff has with

---

[1] Plaintiff has no objection to the disposition of this Unit at a commercially reasonable sale provided that the proceeds are deposited into a joint escrow account until resolution of this case.

Defendants' initial Answers.  In the event Plaintiff is unable to resolve those disputes, Plaintiff will renew his Motion to Compel.[2]  In addition, Plaintiff has not yet had an opportunity to evaluate the nature and scope of the documents that Defendants claim will be made available for inspection. In the event that disputes arise concerning Defendants' document production, Plaintiff will attempt to resolve them with Defendants and then, if necessary, through the Court.

**WHEREFORE**, for the foregoing reasons, Plaintiff withdraws its Motion to Compel and for Sanctions without Prejudice.

Respectfully submitted,

/s/ James A. Sullivan, Jr.

_____

James A. Sullivan, Jr.
(D.C. Bar No. 475145)
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Telephone (301) 762-1600
Facsimile (301) 762-0363
E-mail:  jsullivan@milesstockbridge.com

/s/ Richard A. DeTar

_____

Richard A. DeTar
(*Pro Hac Vice* Admission)
Miles & Stockbridge, P.C.
101 Bay Street
Easton, MD 21601
Telephone (410) 820-0224
Facsimile (410) 822-5450
E-mail:  rdetar@milesstockbridge.com

Attorneys for Plaintiff Stewart P. Newell

---

[2] In the event that Defendants are willing to provide additional information that was omitted from their initial Answers, but require additional time in order to accommodate Pannick's medical needs, Plaintiff will cooperate. Plaintiff, however, maintains his position that Defendants' Objections were untimely, and therefore have been waived.