UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART P. NEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 07-2129 (RCL) |
| ) | |
| METROPOLIS DEVELOPMENT ) | |
| COMPANY, LLC, *et al*., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Stewart P. Newell, by and through his undersigned counsel, pursuant to Fed. R. Civ. P. Rule 15(a)(2), LCvR Rule 7(i) and LCvR Rule 15.1, files this Motion For Leave To File Amended Complaint and respectfully requests that this Court grant Plaintiff leave to file an Amended Complaint for Damages, Declaratory Judgment, and Injunctive Relief.  In support of this motion, Plaintiff submits herewith a Statement of Points and Authorities, proposed Order and proposed original Amended Complaint for Damages, Declaratory Judgment, and Injunctive Relief.

**WHEREFORE**, Plaintiff Stewart P. Newell, respectfully requests that this Court grant the relief requested herein and enter an Order granting Plaintiff leave to file an Amended Complaint for Damages, Declaratory Judgment, and Injunctive Relief, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ James A. Sullivan, Jr.
_____
James A. Sullivan, Jr.
(D.C. Bar No. 475145)
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Telephone (301) 762-1600
Facsimile (301) 762-0363
E-mail:  jsullivan@milesstockbridge.com

/s/ Richard A. DeTar
_____
Richard A. DeTar
(*Pro Hac Vice* Admission)
Miles & Stockbridge, P.C.
101 Bay Street
Easton, MD 21601
Telephone (410) 820-0224
Facsimile (410) 822-5450
E-mail:  rdetar@milesstockbridge.com

Attorneys for Plaintiff Stewart P. Newell

## LCvR 7(m) STATEMENT

      Undersigned counsel for Plaintiff Stewart P. Newell hereby certifies that he, in good faith, conferred with counsel for Defendants, Metropolis Development Company, LLC and Robert Scott Pannick by telephone on May 6, 2008 regarding the present Motion for Leave to File Amended Complaint.  Counsel for Defendants indicated that Defendants would not give consent to the filing of the Amended Complaint and would oppose the present Motion for Leave to File Amended Complaint.

      /s/ Richard A. DeTar\
      Richard A. DeTar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART P. NEWELL, )<br>                Plaintiff, )<br>v. )<br>    )<br>METROPOLIS DEVELOPMENT )<br>COMPANY, LLC, *et al*., )<br>    )<br>                Defendants. ) | Civil Action No. 07-2129 (RCL) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Stewart P. Newell ("Newell" or "Plaintiff"), by and through his undersigned counsel, pursuant to Fed. R. Civ. P. Rule 15(a)(2), LCvR Rule 7(i) and LCvR Rule 15.1, submits this Statement of Points and Authorities in Support of his Motion for Leave to File Amended Complaint and states as follows:

**I.     INTRODUCTION**

**A.  Factual Background**

Pursuant to a Redemption Agreement between the Parties, on September 29, 2003, Defendants, Metropolis Development Company, LLC (the "Company" or "Metropolis") and Robert Scott Pannick ("Pannick") agreed to, *inter alia*, purchase all of Plaintiff's right, title and interest in and to his Membership Interest and Percentage Interest in Metropolis. The purpose of the Redemption Agreement was to buy-out Newell's Interest entirely so that Pannick could become the sole owner and manager of Metropolis.

On February 7, 2004, pursuant to the First Amendment to Redemption Agreement, the Parties agreed, *inter alia*, that the total principal amount to be paid to Newell for his Membership

Interest was Two Million Two Hundred Seven Thousand Nine Hundred Seventy-Two Dollars ($2,207,972) and Pannick was to take over the management of Metropolis.

The Redemption Agreement was intended to provide Newell with security that the amount owed to him would be paid by way of a priority distribution from all of the Company's "Available Cash" defined as "all cash distributions received by the Company with respect to ***Company Projects*** (emphasis added)." The Company Projects consist of four (4) development projects that Metropolis was in the process of developing when the Redemption Agreement was executed. In addition to Metropolis' obligation to make payments to Newell from all Available Cash from the Company Projects, the outside date for payment of all amounts owed to Plaintiff was December 31, 2005. Metropolis repeatedly failed to make payment to the Plaintiff from Available Cash received by Metropolis and Pannick from cash distributions received by the Company attributable to the Company Projects, and Defendants failed to make payment to Plaintiff by the outside date for payment of December 31, 2005.

B.  **Relevant Procedural History**

1.  **Amendment for Fraudulent Transfer.**

On November 26, 2007, Newell filed his original Complaint for Damages, Declaratory Judgment, and Injunctive Relief (the "Original Complaint") [Dkt.#1] against Defendants Metropolis and Pannick. The Original Complaint stated claims for breach of contract and damages (Count I), tortious interference with contract (Count II) and declaratory judgment (Count III), including requesting specific performance requiring the Company and Pannick to make priority payments to Newell of all cash distributions received by the Company from the Company Projects.

2

On November 27, 2007, <u>one day after</u> the Complaint was filed, Pannick caused the Company to transfer the last two retail units within the Company Projects known as the "Garden District Unit" and the "Sales Center" to the RSP I Revocable Trust and the RSP II Revocable Trust (collectively, the "Revocable Trusts"), respectively. Each of these Company Projects was transferred for no consideration, and the sole trustee for each of these Trusts is Pannick. A copy of the Deed transferring the Sales Center from Metropolis to the RSP II Revocable Trust for no consideration is attached hereto as Exhibit 1.[1] The intent of these transfers was to remove these assets from the scope of Newell's claim for specific performance set forth in Count III of his Complaint and to remove these assets from the scope of a judgment against Metropolis or Pannick.

Defendants filed an Answer to the Original Complaint on December 28, 2007 [Dkt.#10]. On December 28, 2007, the parties also filed a Joint Motion for Consent Order [Dkt.#11] pursuant to which the Court entered a Consent Order [Dkt.#13] on January 3, 2008, prohibiting Metropolis and/or Pannick from selling, encumbering or otherwise borrowing additional funds against the Remaining Company Projects without first providing seven (7) days written notice to Plaintiff's Counsel of Defendants' intention to do so. At that time, the Remaining Company Projects were identified as the "Garden District Unit" and the "Sales Center."

The Revocable Trusts, however, were not parties to the Original Complaint and are not within the scope of the Consent Order because Defendants' transfers of these assets to the Revocable Trusts did not occur until after the Original Complaint was filed. As a result, unless Newell is granted leave to amend the Complaint he may be unable to obtain adequate relief from

---

[1] Because the Garden District Unit has since been sold to a third party, the Sales Center is the only asset subject to the fraudulent transfer claim.

3

the Court with respect to efforts by the Company and/or Pannick to sell, encumber or otherwise borrow additional funds against the Remaining Company Projects.[2]  Plaintiff's first reason for amending the Complaint is to institute a fraudulent transfer action with respect to Defendants' fraudulent transfer of the Sales Center to the RSP II Revocable Trust.  See Count IV of proposed Amended Complaint.

### 2. Amendment for Injunctive Relief.

On April 17, 2008, counsel for Metropolis delivered a letter to counsel for Newell providing seven (7) days written notice of an intention to sell the Garden District Unit.[3]  On April 18, 2008, Plaintiff filed a Motion for Temporary Restraining Order [Dkt.#21] seeking an Order requiring the Defendants to maintain the proceeds of the sale of the Garden District Unit in an escrow account with counsel for Defendants until further order from this Court.  This Court held a hearing on the same day and ultimately entered an Order denying the Plaintiff's Motion for Temporary Restraining Order [Dkt.#22].  The Court, citing Ellipso v. Mann, 480 F.3d 1153, 1160 (D.C. Cir. 2007) (additional citations omitted), denied the Motion for Temporary Restraining Order ruling that the Court lacked authority to enter an order enjoining Defendants from disposing of the proceeds of the sale of the Garden District Unit because Plaintiff had not asserted a claim for equitable relief in his Complaint.  Consequently, Plaintiff's second reason for amending the Complaint is to seek injunctive relief so that he will be in a proper pleading posture to assert claims for a temporary restraining order and subsequent injunctive relief in the

---

[2] As the Court is aware, the Garden District Unit has since been sold to a third party thereby rendering the Sales Center the sole asset within the Remaining Company Projects that is within the indirect control of the Company and Pannick and within the direct control of the RSP II Revocable Trust.

[3] Although the letter misidentified the Garden District Unit, all parties understood that Metropolis' intent was to notify Newell that the Garden District Unit would be sold, as Defendants' counsel confirmed to the Court during a TRO hearing before the Court on April 28, 2008, and it was in fact sold and is no longer within the control of Metropolis or Pannick nor is it within the direct control of the RSP I Revocable Trust.

foreseeable event that Defendants and the RSP II Revocable Trust serve notice of their intention to convey the sole Remaining Company Project, the Sales Center, to a third party and dispose of the proceeds of the sale without making the priority distribution of cash received from the sale of this Company Project to Plaintiff, as required by the Redemption Agreements. See Count V of proposed Amended Complaint.

### 3. Amendment to Plead Additional Facts Ascertained through Discovery.

Finally, as a result of discovery recently received in this case, Plaintiff has become aware of additional relevant transactions that give rise to additional claims for relief. Specifically, Plaintiff has recently learned detailed information regarding the Defendants' receipt and diversion of substantial "Available Cash," which should have been paid to Newell under the express terms of the Redemption Agreements. For example, Plaintiff recently received accounting records from Defendants (including a document bates numbered Metro-00097) that discloses that Pannick took a $3,157,208 distribution from Uptown Partners, LLC attributable to the Company Project known as "Langston Lofts." An excerpt from the Uptown Partners Trial Balance produced by Defendants on April 28, 2008 is attached hereto as Exhibit 2. Section 3.A. of the Redemption Agreement expressly requires Pannick "…to contribute to [Metropolis] any distributions received by him from Uptown Partners, LLC to be used by the Company as payment to Newell of the Redemption Price."

In summary, Plaintiff now seeks leave to amend his complaint for several reasons. First, Plaintiff desires to add the RSP II Revocable Trust as a party defendant and to assert a fraudulent transfer claim to address the fraudulent transfer of the Sales Center (the last Remaining Company Project). Second, Plaintiff desires to assert a claim for injunctive relief related to the Sales Center given the likelihood that Defendants will attempt to transfer the Sales Center to a third

5

party purchaser. Finally, Plaintiff desires to amend its factual allegations to include additional facts relating to Defendants' breaches that Plaintiff has only recently become aware of through recent discovery in this case, and to amend Counts I (Breach of Contract) and II (Tortious Interference with Contract) to incorporate these newly discovered facts.

## II.     ARGUMENT

### A.     Standard for Amending Pleadings Prior to Trial.

Fed. R. Civ. P. Rule 15(a) sets forth the procedure for amending pleadings prior to trial. When a defendant has already answered a complaint, a plaintiff may amend its complaint "only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. Rule 15(a)(2). When leave is sought to amend a pleading prior to trial, however, "the court should freely give leave when justice so requires." Id. The policy behind this liberal approach to amendments is supported by the rationale that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Stanford v. Potomac Electric Power Company, 394 F. Supp.2d 81, 85 (D.D.C. 2005). Stated otherwise, the underlying purpose is to further the goal of deciding cases on their merits and to avoid adjudication by technicality.

Whether to grant or deny leave to amend rests in the District Court's sound discretion, and the District Court determines the propriety of amendment on a case-by-case basis. Foman v. Davis, 371 U.S. at 182, 83 S. Ct. 227; Harris v. Sec'y, United States Dep't of Veterans Affairs, 126 F.3d 339, 343 (D.C. Cir. 1997); Stanford, 394 F. Supp.2d at 85; Nwachukwu vs. Karl, 222 F.R.D. 208, 210 (D.D.C. 2004). Nevertheless, without a justifying or sufficient reason, it is an

6

abuse of discretion for a District Court to deny leave to amend. Foman, 371 U.S. at 182, 83 S. Ct. 227; Nwachukwu, 222 F.R.D. at 211.

Under Rule 15(a), the non-movant generally carries the burden of persuading the Court to deny leave to amend. Reasons that justify a denial of leave to amend include "undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment." Foman, 371 U.S. at 182, 83 S. Ct. 227; Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999); Stanford, 394 F. Supp.2d at 85; Nwachukwu, 222 F.R.D. at 211. The primary consideration in deciding whether to permit an amendment focuses on whether the non-moving party will be prejudiced due to unfair disadvantage or deprivation of the opportunity to discover and present facts. Stanford, 394 F. Supp.2d at 85 (citing In re Vitamins Antitrust Litigation, 217 F.R.D. 34, 36-37 (D.D.C. 2003)).

B. **There is No "justifying or sufficient reason" to Deny Plaintiff Leave to File an Amended Complaint**.

Based upon the above-stated principles, this Court's primary consideration in deciding whether to permit an amendment is whether the Defendants will be prejudiced due to unfair disadvantage or deprivation of an opportunity to discover and present facts. There is no conceivable prejudice to the Defendants by virtue of the Plaintiff's Amended Complaint. Defendants will have ample opportunity to conduct discovery on Plaintiff's amended claims as the agreed upon proposed Scheduling Order filed by the parties along with their Joint Meet and Confer Statement [Dkt.#'s 14 & 15] provides that discovery does not close until July 15, 2008.[4] In fact, Defendants have yet to serve Plaintiff with any written discovery requests and have not noticed any depositions. Under these circumstances, Defendants cannot legitimately maintain

---

[4] To date, although the parties have filed a Joint Report of Discovery Plan Conference [Dkt. #14] and have thus far adhered to those deadlines, the Court has not entered a Scheduling Order.

that the filing of the Amended Complaint imposes an unfair disadvantage or deprivation of the opportunity to discover and present facts when they have not actively sought discovery on any of Plaintiff's claims to date. Regardless of whether Defendants decide to take any active discovery, Plaintiff will be obligated to provide and supplement his discovery disclosures as required by the Federal Rules of Civil Procedure well in advance of trial.

Although Plaintiff proposes to add a new defendant in the Amended Complaint, the new defendant, the RSP II Revocable Trust, is a legal fiction created and controlled by Pannick for the sole purpose of taking title to the Remaining Company Project for no consideration. There is no unfair surprise, prejudice or disadvantage to Defendants that they must now defend this legal fiction along with their actions undertaken subsequent to filing the Original Complaint in breach of their duties and obligations to Plaintiff. Additionally, all of the facts relevant to the fraudulent transfer action (Count IV of the proposed Amended Complaint) are within Defendants' possession, knowledge and control and require no further investigation by the Company, or Pannick as the sole trustee of the RSP II Revocable Trust.

Defendants similarly cannot maintain that the filing of the Amended Complaint will unduly delay this case. As set forth above, there is ample time for discovery. Furthermore, the parties have proposed that the Pre-trial Conference take place on October 15, 2008, and no trial date has been set.

Defendants also cannot complain that Plaintiff has exercised any bad faith in seeking leave to file an amended complaint at this juncture. Plaintiff has been diligently attempting to discover and forensically piece together the facts vis-à-vis Defendants' discovery responses, which have largely been dilatory, incomplete and evasive. Upon Defendants' initial failure to serve any discovery responses whatsoever, Plaintiff was forced to file a Motion to Compel. Out

of respect for Pannick's medical condition, Plaintiff withdrew his Motion to Compel and has since been exercising good faith in attempting to resolve discovery disputes with Defendants without the Court's assistance. Plaintiff has only recently become privy to certain facts based upon the meager discovery responses provided by Defendants in opposition to the Plaintiff's Motion to Compel [Dkt.#17] and by virtue of an incomplete document production that took place on April 28, 2008.[5]

There has never been any assertion or ruling that the Plaintiff's pleadings have been deficient, nor has Plaintiff previously filed any requests to amend its pleadings. Consequently, the "justifying or sufficient reason" of a "repeated failure to cure a pleading's deficiencies" is simply non-existent.

Lastly, the amendments contained in the proposed Amended Complaint belie any notion of futility. In view of Defendants' refusal to consent to the filing of an Amended Complaint, futility is apparently Defendants' perceived good faith basis for objection. These amendments are based largely upon documentation produced by Defendants themselves regarding the Defendants' receipt and diversion of millions of dollars of "Available Cash" as defined by the Redemption Agreements, as well as the transfer of properties identified as Remaining Company Projects for no consideration. Assuming the truth of the amended allegations, which the Court must do in reviewing pleadings, see Peters v. National Railroad Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992), the Plaintiff has clearly set forth underlying facts and circumstances justifying the amended claims and relief requested. For example, the recently discovered Deed transferring the Sales Center from the Company to the RSP II Revocable Trust recites on its face:

---

[5] Defendants' counsel has verbally agreed that Plaintiff is entitled to a second inspection of a more complete production of documents that are responsive to all of Plaintiff's requests.

9

"THIS DEED EVIDENCES A TRANSFER FOR NO CONSIDERATION" (see Exhibit 1) and indicates a transfer one day after the filing of the original Complaint against Defendants in this case, thus confirming at least two of the so called "badges of fraud" for fraudulent transfers. Plaintiff is also entitled to the reasonable (only logical) inference that Defendants' intent was to defraud, hinder or delay Plaintiff based upon the timing of the fraudulent transfer, just one day after the filing of the Complaint, and the lack of any consideration for the transfer. Likewise, the Defendants' own accounting records indicate that Pannick took an unauthorized $3,157,208 distribution in 2006, making that element of the Plaintiff's claim equally straightforward.

In sum, none of the recognized "justifying or sufficient reasons" for denying a request for leave to amend can be shown by Defendants in this case. This Court should apply to the liberal policy of allowing amendments and decide this case on the merits.

**WHEREFORE**, Plaintiff Stewart P. Newell respectfully requests that this Court grant the relief requested herein and enter an Order granting Plaintiff leave to file an Amended Complaint for Damages, Declaratory Judgment, and Injunctive Relief, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,


/s/ James A. Sullivan, Jr.
_____
James A. Sullivan, Jr.
(D.C. Bar No. 475145)
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Telephone (301) 762-1600
Facsimile (301) 762-0363
E-mail:  jsullivan@milesstockbridge.com



/s/ Richard A. DeTar
_____
Richard A. DeTar
(*Pro Hac Vice* Admission)
Miles & Stockbridge, P.C.
101 Bay Street
Easton, MD 21601
Telephone (410) 820-0224
Facsimile (410) 822-5450
E-mail:  rdetar@milesstockbridge.com

Attorneys for Plaintiff Stewart P. Newell

Doc# 2007147891

THIS DEED EVIDENCES A TRANSFER FOR NO CONSIDERATION TO THE TRUSTEE OF A REVOCABLE TRUST WHERE THE TRANSFEROR IS THE BENEFICIARY OF THE TRUST AND IS THEREFORE EXEMPT FROM REAL PROPERTY TRANSFER AND RECORDATION TAXES PURSUANT TO DISTRICT OF COLUMBIA CODE SECTIONS 47-902 (12) AND 42-1102(17).

**WHEN RECORDED MAIL TO:**
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036
Attn: Jeffrey H. Gelman, Esq.

THIS DEED

Made this 27th day of November, 2007, by and between Metropolis Development Company, LLC (the "Grantor"), and Robert Scott Pannick, as Trustee of the RSP II Revocable Trust (the "Grantee");

WITNESSETH, that for no consideration, Grantor does hereby grant and convey unto the Grantee, in fee simple, all of Grantor's right, title and interest to the following described land and premises, with improvements, including limited common elements, easements and appurtenances thereunto belonging, situate, lying and being in the District of Columbia, namely:

> Lot 2231 (being part of Lot 98) in Square 209, more particularly described as Condominium Unit C-1 in 1401 Church Street Condominium (hereinafter called the "Condominium") which was constituted and established under the District of Columbia Condominium Act of 1976, as amended, by the Condominium Declaration recorded December 9, 2004, as Instrument Number 2004167843 in the Office of the Recorder of Deeds of the District of Columbia (hereinafter called the "Condominium Declaration"), and by the Condominium Bylaws recorded December 9, 2004 as Instrument Number 2004167844in the Office of the Recorder of Deeds of the District of Columbia (hereinafter called the "Condominium Bylaws"), and by the Condominium Plat and Plans recorded December 16, 2004, in Condominium Plat Book 51 at page 28 in the Office of the Surveyor of the District of Columbia (hereinafter called the "Condominium Plat and Plans").

TOGETHER with all of the appurtenances incident to said Condominium Unit as contained in the Condominium Declaration.

The Condominium Declaration allocates to the Condominium Unit an undivided interest (stated as a percentage) in the common elements of the Condominium (hereinafter called the "Percentage Interest"). The Percentage Interest of the Condominium Unit is set forth in Exhibit B to the Condominium Declaration.

This Deed is delivered and accepted subject to all the provisions of the Condominium Act of 1976 of the District of Columbia, as amended, the Condominium Declaration, Condominium

EXHIBIT 1

Bylaws, the Condominium Plat and Plans, and Rules and Regulations, including, but not limited to, the payment and lien of assessments for the maintenance, repair, replacement and other costs of operation of the Condominium, which the Grantee(s) assume(s) and agree(s) to observe and perform. This provision shall be construed to run with the land and shall inure to the benefit and be binding upon the parties hereto and their successors, heirs, personal representatives and assigns.

<u>The conveyance is a transfer for no consideration to the trustee of a revocable trust where the Grantor is the beneficiary of the trust.</u>

AND the said Grantor hereby covenants that it will warrant specially the property hereby conveyed; and that it will execute such further assurances of said land as may be requisite.

IN WITNESS WHEREOF, on this 27th day of November, 2007, Metropolis Development Company, LLC has caused this Deed to be executed by Robert Scott Pannick, its Manager, as the act and deed of Metropolis Development Company, LLC.

> Metropolis Development Company, LLC
> a District of Columbia limited liability company
>
> By: _____
> Robert Scott Pannick
> Manager

DISTRICT OF COLUMBIA ) ss:

I, Julian H Nam, a Notary Public in and for the jurisdiction aforesaid do hereby certify that Robert Scott Pannick, who is personally well known to me as the person named as Manager of Metropolis Development Company, LLC, the Grantor in the foregoing Deed bearing date on the 27th day of November 2007, personally appeared before me in the jurisdiction aforesaid and acknowledged said instrument to be the act and deed of Metropolis Development Company, LLC.

WITNESS my hand and official seal this 27th day of November, 2007.

_____
Notary Public

[Notarial Seal]

Julian H. Nam
Notary Public, District of Columbia
My commission expires: My Commission Expires 07-14-2013

324786

```
Doc# 2007147891
Filed & Recorded
11/27/2007   3:51PM
LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
RECORDING          $      20.00
SURCHARGE          $       6.50
Total:             $      26.50
```

**Record and Return to:**
Yvette Moore, Legal Assistant
c/o Greenstein DeLorme & Luchs, P.C.
1620 L Street, NW, Ste 900
Washington, DC 20036

4:35 PM
03/16/07
Accrual Basis

# Uptown Partners LLC
## Trial Balance
As of December 31, 2006

|  | Dec 31, 06 | |
|---|---:|---:|
|  | Debit | Credit |
| Accrued DC franchise taxes | 0.00 |  |
| City R.E. Tax liability | 0.00 |  |
| Purchaser Deposits | 0.00 |  |
| Retail Security Deposit | 0.00 |  |
| CIG Loan | 0.00 |  |
| Loan from MDC | 0.00 |  |
| Due to S. P. Newell | 0.00 |  |
| Billings in Excess of Costs | 0.00 |  |
| Deferred Revenue | 0.00 |  |
| Note Payable to Corus | 0.00 |  |
| Note Payable to Corus:Note A | 0.00 |  |
| Note Payable to Corus:Note B | 0.00 |  |
| Distribution to MDC | 160,792.00 |  |
| Distributions to Merrick Malone | 0.00 |  |
| Distribution to Scott Pannick | 3,157,208.00 |  |
| Member's Contribution |  | 129,899.01 |
| 3900 · Retained Earnings |  | 4,387,771.20 |
| Rev - L/T Construct contracts |  | 759,863.00 |
| Interest Income |  | 3,167.03 |
| Penalties | 750.00 |  |
| Bad Debts | 32,463.72 |  |
| Professional Fees | 1,300.00 |  |
| Charitable Contribution | 0.00 |  |
| Cost Constr - Long Term cntrct | 776,629.00 |  |
| Contract Costs |  | 10,947.50 |
| Marketing Expense:Marketing & Advertising | 5,682.20 |  |
| Bank Fees | 141.15 |  |
| Political Contributions | 1,500.00 |  |
| Suspense | 0.00 |  |
| Reimbursable Expense | 19,779.50 |  |
| **TOTAL** | **26,838,212.74** | **26,838,212.74** |

EXHIBIT 2

Page 3 of 3

Metro-00097

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART P. NEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 07-2129 (RCL) |
| | ) |
| METROPOLIS DEVELOPMENT | ) |
| COMPANY, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Upon consideration of Plaintiff's Motion for Leave to File Amended Complaint, and any opposition thereto, and for good cause having been shown, it is on this _____ day of_____, 2008, by the United States District Court for the District of Columbia

ORDERED, that Plaintiff's Motion for Leave to File Amended Complaint be and the same is hereby GRANTED; and it is further

ORDERED, that the original Amended Complaint for Damages, Declaratory Judgment, and Injunctive Relief submitted with the Plaintiff's Motion for Leave to File Amended Complaint shall be deemed to have been filed and served by mail as of the date of this Order.

SO ORDERED.

_____                                _____
     Date                                              ROYCE C. LAMBERTH
                                                       United States District Judge